DOMESTIC LOAN, INC., PLAINTIFF-APPELLANT, *v.* PEREGOY, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25938. Decided July 12, 1962.

50

Messrs. *Wells & Marks, Mr. Frank C. Whalen* and *Mr. Erza Shapiro,* for plaintiff-appellant.
*Mr. Philip Kasdan,* for defendant-appellee.

Kovachy, P. J. This is an appeal on questions of law from a judgment entered in the Cleveland Municipal Court.

The essential facts are not in dispute. Excerpts from the Bill of Exceptions recite them as follows:

"A judgment was entered against the defendant in favor of Domestic Loan, Inc. by virtue of a warrant of attorney contained in a Promissory Note on July 29, 1960, in the amount of Five Hundred Nine and 94/100 Dollars ($509.94). Thereafter the defendant filed a Voluntary Petition in bankruptcy in the United States District Court for the Northern District of Ohio and scheduled the plaintiff as one of his creditors. After the adjudication in bankruptcy and at the first meeting of creditors on February 9, 1961, the defendant and the plaintiff entered into a written agreement whereby the defendant revived said judgment obligation in the amount of Two Hundred Fifty and No/100 Dollars ($250.00) payable at the rate of Fifteen and No/100 Dollars ($15.00) per month beginning February 17, 1961."

"The defendant subsequently defaulted under the terms of said agreement and plaintiff proceeded to enforce payment by filing garnishment proceedings on the judgment that had been previously entered pursuant to the terms of said revivor agreement."

The order of the trial court reads:

"* * * Proceedings in aid of execution are dismissed and further proceedings stayed."

The appeal by the plaintiff is from this order.

Plaintiff-appellant assigns as error the holding of the trial court that the "Revivor Agreement" did not revive the judgment of the original action to permit it to proceed with execution on said judgment upon default by the defendant of his agreement, the granting by the trial court of defendant's motion to dismiss proceedings in aid of execution, and the staying of further proceedings.

The agreement on which the garnishment proceedings was instituted reads as follows:

"*REVIVOR AGREEMENT*

"In and for One Dollar ($1.00) and other valulable consideration received, I agree to and do hereby revive my liability to Domestic Loan, Inc., of Cleveland, Ohio in the partial sum of my indebtedness to it, to wit: the sum of $250.00 ($250.00) Dollars (sic), as of the date of my adjudication in bankruptcy, which occurred on January 5, 1961.

"I agree that this revivor shall apply to and cover the obligation incurred under the terms of a note and chattel mortgage which I executed under date of October 21, 1959, in favor of Les Brown Furniture Co., and of which note and chattel mortgage Domestic Loan, Inc., is the owner and holder, and I further agree that said revivor shall likewise apply to and cover any and all claims, warrants of attorney, and/or judgments which Domestic Loan, Inc., may hold or have against me by virtue of the above described note and chattel mortgage, and Domestic Loan, Inc., shall be authorized to proceed against me upon said claims, warrants of attorney, and/or judgments in the event of my failure to comply with the terms contained in this agreement.

"I further promise to pay my said debt to Domestic Loan, Inc. in monthly (weekly) installments, of Fifteen and No/100 ($15.00) Dollars each, beginning February 17, 1961.

"This agreement shall be operative regardless of any discharge which I may obtain in bankruptcy.

"* * *"

The appellant claims that under this agreement defendant

appellee revived the judgment against him even though it was listed as a dischargeable debt in the bankruptcy proceeding and authorized it to execute on the same upon default of the terms contained in the "Revivor Agreement."

The defendant appellee contends that the "Revivor Agreement" constituted a new promise which superseded the judgment and gave the plaintiff a new remedy—a right of action for defaulted payments, and that it must sue anew on such cause of action.

The law with respect to a discharge of a debt or a judgment in bankruptcy is well-settled. The debt or judgment is not paid, satisfied, extinguished or cancelled. The bankrupt is merely afforded the privilege to interpose the discharge as a defense against the enforcement of the debt or judgment. And, since the matter is personal with the bankrupt, he has the choice of either interposing such defense to an action on the debt or judgment or of waiving the same, as he sees fit.

Remington on Bankruptcy, Vol. 8, page 133, "Revival of Discharged Debts" states the following in Section 3288:

"A discharge in bankruptcy although it is a 'release' of liability on provable debts generally, is a defense against the liability rather than an annihilation of it and as a defense it can be waived. The obligation or liability still has vitality. * * * The moral obligation is still there and it can be adequate consideration for a new promise to pay."

The Supreme Court, in a case decided in 1851, held that a *new promise* to pay a debt discharged in a bankruptcy was adequate consideration to sustain a cause of action on *the old debt* for the reason that the bar to a recovery of a debt discharged in bankruptcy is "strictly a personal privilege" and is waived by a subsequent promise.

The syllabus of *Turner* v. *Chrisman, Admr. of Moore*, 20 Ohio, 333, reads:

"A new promise is, in law, available to sustain a recovery upon an old contract, against a plea of bankruptcy.

"The 'bar' arising from the bankruptcy is strictly a personal privilege, and is 'waived' by the subsequent promise.

"When the 'bar' is 'waived' by a new promise to pay an old debt, it is competent to declare on the old liability without suing on the new promise."

This case enunciates the law of the State of Ohio on the subject.

See also, 6 Oh. Dec. (Rep.), 360, *Admr. of Clarkson* v. *Ruan*.

Since the old debt in the instant case had been reduced to a judgment, the question before us is whether, upon default of the ''Revivor Agreement,'' the plaintiff is authorized to pursue its remedy for the default on the judgment in the Cleveland Municipal Court or is required to commence an entirely new action based on the new promise incorporated in the ''Revivor Agreement.''

Remington on Bankruptcy, Vol. 8, page 134, Section 3288, states the applicable rule as follows:

''There is no provision in the Bankruptcy Act for the revival of debts released by discharge, and whether they are revived depends entirely upon local law. Actually, the subject is a branch of the law of contracts rather than the law of bankruptcy. While the Bankruptcy Act does not state that discharged debts can be revived, it does not state or imply that they cannot; so, assuming that the original debt is, or can be, a sufficient consideration for a new promise, the primary question is whether a new promise was, in fact, made.''

The ''Revivor Agreement'' entered into recites in plain language that the defendant revives his liability to Domestic Loan, Inc. *in the partial sum of $250.00*, that such revivor covers the obligation of a note and chattel mortgage executed October October 21, 1959, that it applies to all claims, warrants of attorney and/or *judgments* which Domestic Loan, Inc. may hold or have against the defendant by virtue of the above described note and chattel mortgage, and that Domestic Loan, Inc. *shall be authorized to proceed against him upon said judgments* in the event of his failure to comply with the terms contained in the agreement.

It seems to us, therefore, that the defendant in the use of such clear and unmistakable language revived his obligation to the plaintiff in the sum of $250.00 and at the same time authorized the plaintiff, in case he (the defendant) defaulted on his new promise, to execute on the judgment standing against him in the Cleveland Municipal Court. The default was with respect to monthly payments beginning February 17, 1961.

We accordingly hold that the plaintiff had the right to insti-

tute proceedings in aid of execution on the existing judgment and to enforce such payments and that it is entitled to recover a total sum not exceeding $250.00 from the date of his adjudication in bankruptcy which occurred on January 5, 1961.

The trial court was consequently in error in dismissing the proceedings in aid of execution and staying further proceedings.

Judgment reversed and cause remanded with instructions to reinstate the proceedings in aid of execution and for further proceedings not inconsistent with this opinion.

Exceptions. Order see journal.

SKEEL and HURD, JJ., concur.